**Not for Publication**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CLARA LAING & EDWIN LAING, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | Civil Action No. 14-1103 (MAS) (TJB) |
| v. | : | |
| | : | |
| AMERICAN STRATEGIC INSURANCE | : | **MEMORANDUM OPINION** |
| CORP., | : | |
| | : | |
| Defendant. | : | |
| | : | |

**SHIPP, District Judge**

Clara and Edwin Laing ("Plaintiffs") commenced this action against Defendant American Strategic Insurance Corp. ("ASI") claiming that ASI failed to satisfy its obligations under a homeowner's insurance policy. Plaintiffs filed a four-count Complaint in Superior Court of New Jersey, Ocean County, Law Division, Docket No. OCN-L-97-14, on January 10, 2014; ASI removed the action to this Court on February 20, 2014. (Notice of Removal, ECF No. 1.) The Complaint asserts claims for (1) breach of an insurance contract, (2) breach of the implied covenant of good faith and fair dealing, (3) bad faith, and (4) violation of the New Jersey Consumer Fraud Act ("CFA"). (Compl. ¶¶ 32-53, ECF No. 1.) ASI has filed a motion (1) seeking dismissal of the Complaint on grounds of insufficient service of process, (2) seeking dismissal of certain claims for failure to state a claim, and (3) seeking to strike allegations asserting a claim to both punitive damages and attorneys' fees. (Def.'s Mot., ECF No. 6; Def.'s Moving Br., ECF No. 8.) Plaintiffs filed opposition to the motion (ECF No. 9), and ASI filed a reply (ECF No. 12). The Court has carefully considered the pleadings and has decided the

motion without oral argument pursuant to Local Civil Rule 78.1.  After careful consideration, and for the reasons set forth below, ASI's motion is granted in part and denied in part.

## I.    BACKGROUND

Plaintiffs are the owners of a house located at 1723 Riviera Court, Point Pleasant, New Jersey.  (Compl. ¶ 3, ECF No. 1.)  Plaintiffs' home was insured by ASI at all relevant times.  (*Id.* at ¶ 4.)  On or around October 29, 2013, Hurricane Sandy struck New Jersey, and Plaintiffs' property sustained damage as a result.  (*Id.* at ¶¶ 9-10.)  Thereafter, Plaintiffs submitted a claim to ASI for the damage.  (*Id.* at ¶ 11.)  Plaintiffs allege that they have complied with all policy provisions, including the investigation of the claim.  (*Id.* at ¶ 14.)

Based on the Plaintiffs' allegations, ASI breached its insurance policy, acted in bad faith, and violated the CFA.  For one, Plaintiffs allege that ASI failed to properly adjust the claim and underpaid Plaintiffs under the terms of the policy.  (*Id.* at ¶¶ 15, 19-20.)  In addition, Plaintiffs allege that ASI both misrepresented the scope of the insurance policy and made false representations regarding scope of the damage to Plaintiffs' home.  (*Id.* at ¶¶ 15, 17-18.)  Plaintiffs assert that ASI's conduct was deceitful and fraudulent.  (*Id.* at ¶ 50.)

## II.    MOTION TO DISMISS COUNTS TWO, THREE AND FOUR

### A.    Legal Standard

Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  On a motion to dismiss for failure to state a claim, a "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

A district court conducts a three-part analysis when considering a Rule 12(b)(6) motion. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). The court, however, must disregard any conclusory allegations proffered in the complaint. *Id.* For example, the court is free to ignore legal conclusions or factually unsupported accusations that merely state "the-defendant-unlawfully-harmed-me." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Finally, once the well-pleaded facts have been identified and the conclusory allegations ignored, a court must next "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679).

In addition to satisfying the pleading requirements of Rule 8, for those claims sounding in fraud, Federal Rule of Civil Procedure 9(b) imposes a heightened pleading standard. Claims under the CFA are subject to the requirements of Rule 9(b). *F.D.I.C. v. Bathgate*, 27 F.3d 850, 876 (3d Cir. 1994); *DeLuca v. CitiMortgage*, 543 F. App'x 194, 196 (3d Cir. 2013); *Mickens v. Ford Motor Co.*, 900 F. Supp. 2d 427, 435 (D.N.J. 2012). "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of mind of a person may be averred generally." Fed. R. Civ. P. 9(b). The heightened standard requires specific allegations as to the circumstances surrounding the fraud: "the plaintiff must plead or allege the date, time and place of the alleged fraud or

3

otherwise inject precision or some measure of substantiation into a fraud allegation." *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007).

**B.    Counts Two and Three: Breach of the Implied Covenant of Good Faith and Fair Dealing and Bad Faith**

Counts Two and Three of the Complaint assert claims of breach of the implied duty of good faith and fair dealing and the tort of bad faith, respectively.  (Compl. ¶¶ 36-45, ECF No. 1.) Contrary to the arguments asserted by Plaintiff, under New Jersey law, these two claims are tantamount to the same cause of action.  *Pickett v. Lloyd's*, 131 N.J. 457, 469 (1993) ("Most jurisdictions have characterized a cause of action for bad-faith failure to pay an insured's claim as a tort that arises out of the implied duty of an insurance company to deal fairly and act in good faith . . . . We need not debate which is more appropriate: to consider the bad-faith refusal as a breach of an implied term of the contract or as an independent tort.  The theoretical formulations add not to our understanding . . . ."); *see also Rova Farms Resort, Inc. v. Investors Ins. Co. of Am.*, 65 N.J. 474, 484 (1974) ("That [a good faith] contractual obligation [between insured and insurer] embodies an implied covenant of good faith and fair dealing is not in issue here, nor indeed do we think it is presently open to substantial question."); Stephen S. Ashley, *Bad Faith Actions: Liability and Damages* § 1:2 (2d ed. 2014) ("In the late 1950s, . . . . [t]he courts gradually moved away from the traditional tort bases for bad faith claims against insurers and gave the cause of action for bad faith a new theoretical basis: a covenant of good faith and fair dealing implied in every insurance policy.").  Accordingly, the two claims will be decided as one.

Under New Jersey law, all contracts, including insurance contracts, imply a duty of good faith and fair dealing.  *Clients' Sec. Fund of the Bar of N.J. v. Sec. Title & Guar. Co.*, 134 N.J. 358, 372 (1993) (insurance contracts); *Wilson v. Amerada Hess Corp.*, 168 N.J. 236, 244 (2001)

(all contracts).  The New Jersey Supreme Court established the "fairly debatable" standard for evaluating a claim of bad faith in connection with the failure to pay a first-party insurance claim in *Pickett*, 131 N.J. at 473.  "First, 'a plaintiff must show the absence of a reasonable basis for denying benefits of the policy.' If a plaintiff demonstrates the absence of a reasonable basis, he must then prove that the defendant knew or recklessly disregarded the lack of a reasonable basis for denying the claim." *Tarsio v. Provident Ins. Co.*, 108 F. Supp. 2d 397, 400-01 (D.N.J. 2000) (citations omitted) (citing *Pickett*, 131 N.J. at 473).  In other words, "an insurance company does not act in 'bad faith' if the plaintiff's insurance claim was 'fairly debatable.'" *Id.* at 400.  A claim is "fairly debatable" if a plaintiff cannot establish "as a matter of law a right to summary judgment on the substantive claim," *i.e.*, the underlying contract claim. *Pickett*, 131 N.J. at 473.

Here, Plaintiffs' allegations, taken at face value, are sufficient to maintain a claim for bad faith.  Plaintiffs assert that ASI "has refused to pay [Plaintiffs' claim] in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment" and that ASI "knew or should have known that it was reasonably clear that the claim was covered."  (Compl. ¶¶ 30, 38, ECF No. 1.)  Plaintiffs assert that, despite "hav[ing] complied with all policy provisions and hav[ing] cooperated fully with the investigation of this claim," "[ASI] and/or its agents improperly adjusted the Plaintiffs' claim."  (*Id.* at ¶¶ 14-15.)  To that end, Plaintiffs allege that "[ASI's] adjuster misrepresented the cause of, scope of, and cost to repair" the property and that ASI "denied at least a portion of the claims without an honest investigation."  (*Id.* at ¶¶ 15, 17.)  Moreover, Plaintiffs' claim, at this stage, is not "fairly debatable"; taking the allegations in the Complaint as true, Plaintiffs' underlying claim for breach of contract would be entitled to summary judgment. *N.J. Title Ins. Co. v. Nat'l Union Fire Ins. Co. of Pitt.*, No. 11-cv-630, 2011 WL 6887130, at *7 (D.N.J. Dec. 27, 2011).

Accordingly, ASI has not carried its burden under Rule 12 with respect to the Plaintiffs' bad faith claim, and the motion to dismiss Count Two is denied. *See Diebold, Inc. v. Cont'l Cas. Co.*, No. 07-1991, 2008 WL 1372948, at *5 (D.N.J. Apr. 10, 2008) ("These facts, if proven true, would establish that [Plaintiffs'] entitlement to coverage under the policy was not 'fairly debatable' . . . .").

### C. Count Four: Violation of CFA

ASI also moves to dismiss Count Four of Plaintiffs' Complaint, which asserts a violation of the CFA based on ASI's failure to pay insurance benefits. "The CFA requires a plaintiff to prove three elements: 1) unlawful conduct by defendant; 2) an ascertainable loss by plaintiff; and 3) a causal relationship between the unlawful conduct and the ascertainable loss." *D'Agostino v. Maldonado*, 216 N.J. 168, 184 (2013) (internal quotation marks omitted). There is an open question as to whether a claim for insurance benefits constitutes a violation of the CFA.[1]

In any event, Plaintiffs' CFA claim must satisfy Rule 9(b)'s pleading requirements. Accordingly, Plaintiffs "must state the circumstances of the alleged fraud with sufficient particularity to place the [ASI] on notice of the 'precise misconduct with which it is charged,'" including "the date, time and place of the alleged fraud." *Frederico*, 507 F.3d at 200 (quoting *Lum v. Bank of Am.*, 361 F.3d 217, 223-24 (3d Cir. 2004) (alterations omitted)). Plaintiffs allege

---

[1] While the New Jersey Supreme Court has held that the CFA's language "encompass[es] the *sale* of insurance policies," the state's lower courts "have held that the *payment* of insurance benefits is not subject to the CFA." *Lemelledo v. Beneficial Mgmt. Corp. of Am.*, 150 N.J. 255, 265 (1997) (emphasis added) (citing *Nikiper v. Motor Club of Am.*, 232 N.J. Super. 393, 401 (App. Div. 1989); *see also Richardson v. Standard Guar. Ins. Co.*, 371 N.J. Super. 449, 470 (App. Div. 2004) ("[T]he breach of an enforceable contract does not constitute a violation of the CFA.") (citing *Van Holt v. Liberty Mut. Fire Ins. Co.*, 163 F.3d 161, 168 (3d Cir. 1998)). However, as Plaintiffs suggest, the Third Circuit has more recently cast doubt on the proposition that the CFA categorically does not apply to the payment of insurance benefits. *See Weiss v. First Unum Life Ins. Co.*, 482 F.3d 254, 266 (3d Cir. 2007) (questioning distinction between application of CFA in context of insurance sales versus the payment of insurance benefits).

that they were wrongfully "dece[ived]" by ASI regarding "false representations" related to the adjustment of their claim and the scope of their coverage.  (Compl. ¶¶ 15, 18, 23, 50, ECF No. 1.)   However, the allegations in the Complaint fail to provide the requisite "measure of substantiation" of Rule 9(b). *See Frederico*, 507 F.3d at 200.  Although the Complaint alleges general misrepresentations or deceitful acts in the adjustment of Plaintiffs' claim and in communications concerning the scope of their policy, the allegations do not provide sufficient detail regarding the purported fraudulent acts of ASI so as to satisfy 9(b).  Accordingly, the Court dismisses Count Four of the Complaint without prejudice.

### D.   Punitive Damages and Attorneys' Fees

ASI also moves to dismiss or strike allegations related to Plaintiffs' claim for punitive damages and attorneys' fees.  A plaintiff may obtain punitive damages in the context of a suit seeking payment of insurance benefits; however, "[t]he burden to sustain a claim for punitive damages is heavy—the insured must show egregious circumstances and wantonly reckless or malicious conduct on the part of the insurer." *Daloisio v. Liberty Mut. Fire Ins. Co.*, 754 F. Supp. 2d 707, 710 (D.N.J. 2010) (citing *Polizzi Meats, Inc. v. Aetna Life & Cas. Co.*, 931 F. Supp. 328, 335 (D.N.J. 1996)); *see also Pickett*, 131 N.J. at 475-76 ("[I]n order to sustain a claim for punitive damages, a plaintiff would have to show something other than a breach of the good-faith obligation as we have defined it.").  Because the question of determining the availability of punitive damages is a fact-specific inquiry, the Court declines to dismiss these allegations at this time. *See Daloisio*, 754 F. Supp. 2d at 710 (holding that the dismissal of punitive damages "is a judgment that is ill-suited for a motion to dismiss").

Plaintiffs, however, are not able to recover attorneys' fees from ASI if their claims are otherwise successful.  "Attorney's fees are not available when an insured brings suit against his

insurer to enforce coverage." *Id.* (citing *Eagle Point Prot. Corp. v. First Indem. of Am. Ins. Co.*, 145 N.J. 345, 363 (1996)).   Accordingly, Plaintiffs' claim to an award of attorneys' fees is dismissed with prejudice.

## III.   **INSUFFICIENT SERVICE OF PROCESS**

ASI asserts that Plaintiffs have failed to comply with state court rules regarding service of process, and therefore, the Complaint must be dismissed.   In determining the validity of service prior to removal to federal court, state court rules—here, New Jersey's—provide the relevant guidepost.   *Yoder v. Yamaha Int'l Corp.*, 331 F. Supp. 1084, 1086 (E.D. Pa. 1971) (citing *Lambert Run Coal Co. v. Baltimore & O.R. Co.*, 258 U.S. 377 (1922)).   Here, Plaintiffs have not disputed their apparent failure to file the requisite affidavit of diligent service in New Jersey but have provided proof of substituted service in Florida.   As a result, Plaintiffs' efforts to serve ASI were not complete as of the removal of the case.   *See City of Passaic v. Shennett*, 390 N.J. Super. 475, 483-84 (App. Div. 2007).   However, pursuant to federal statute, defects in service in state court may be cured once the action has been removed to federal district court.   28 U.S.C. § 1448. Section 1448 provides:

> In all cases removed from any State court to any district court of the United States . . . in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.

*Id.*   Accordingly, if service was defective under state rules, a plaintiff may cure that defect and perfect service or may obtain an additional summons under the federal rules.   *Carden v. Wal-Mart Stores, Inc.*, 574 F. Supp. 2d 582, 587 (S.D. W. Va. 2008).   Indeed, courts in this jurisdiction have expressly excused state court service defects based on a failure to file the requisite affidavit of diligent service while invoking Section 1448.   *Wright v. Xerox Corp.*, 882

F. Supp. 399, 410-11 (D.N.J. 1995) (excusing defect in service prior to removal where plaintiff attested to an intent to perfect service).

Accordingly, the Court will permit Plaintiffs to either (1) perfect their service on ASI by filing the requisite affidavit under New Jersey Court Rules or (2) issue new summons under this Court's rules.

## IV.    CONCLUSION

For the reasons set forth above, ASI's motion is granted in part and denied in part.  Count Four of the Complaint is dismissed without prejudice.  In addition, Plaintiffs' request for attorneys' fees is dismissed with prejudice.  The remainder of ASI's motion is denied.


MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated: October ___, 2014